NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOE FRANKLIN MULDROW, *Appellant.*

No. 1 CA-CR 18-0180
FILED 8-13-2019

Appeal from the Superior Court in Maricopa County
No.  CR2016-005720-002
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**T H U M M A**, Judge:

¶1        Joe Franklin Muldrow appeals his convictions and resulting sentences for two counts of sale or transportation of dangerous drugs. Muldrow argues that the superior court erred when it precluded admission, at trial, of evidence to impeach a witness that the State previously had disclosed pursuant to its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Because Muldrow has shown no error, his convictions and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        In April 2016, two undercover law enforcement officers contacted Muldrow at his apartment in Phoenix to buy methamphetamine. One of the officers purchased 185.1 milligrams of methamphetamine for $20 and 321.3 milligrams of methamphetamine in exchange for a cell phone. The transactions were audio recorded. Muldrow was later charged with two counts of sale or transportation of dangerous drugs, both Class 2 felonies.

¶3        These two drug buys were among many that law enforcement made as part of a multi-jurisdictional investigation at Muldrow's apartment complex. Months after the Muldrow drug buys, a Phoenix Police detective became the case agent in charge of the apartment complex investigation. This detective's assignment was to compile all police reports into one report so that all cases, including Muldrow's, could be submitted for charging.

¶4        In 2009, this detective had been reprimanded for providing false reports and attempting to interfere with an ongoing investigation. Before trial, the State disclosed the reprimand to Muldrow. The State also disclosed to Muldrow that it would not call the detective as a witness, stating he was not directly involved with the Muldrow drug buys. When

---

[1] This court views the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509 ¶ 93 (2013).

the two undercover officers testified, Muldrow attempted to impeach the non-testifying detective by showing he had been reprimanded. The court precluded these attempts, noting the officers did not rely on the detective or any of his reports at the time of the drug buys. Muldrow then announced that he would call the detective as a defense witness. The court permitted Muldrow to do so but warned that he might not be able to impeach the detective with the reprimand.

¶5            During the detective's testimony, the court precluded Muldrow from using the reprimand to impeach him. The court ruled that the detective's testimony had "nothing to do with the relevant facts of this case." The court concluded that the reprimand is "clearly more prejudicial than it is probative and it's not even probative at all."

¶6            A jury convicted Muldrow of both counts and he was sentenced to concurrent 15.75-year prison terms. This court has jurisdiction over Muldrow's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2019).[2]

## DISCUSSION

¶7            Muldrow's sole argument on appeal is that the court erred when it precluded impeachment of the detective with his reprimand. Muldrow argues that the detective's credibility was relevant and that the probative value of the impeachment evidence outweighed any prejudice. Muldrow also argues that he was prejudiced by the preclusion because it prevented him from presenting a full and vigorous defense to the jury.

¶8            In general, witness credibility is relevant and relevant evidence is admissible. *State v. McCall*, 139 Ariz. 147, 158 (1983) ("[A]ny evidence that substantiates the credibility of a prosecution witness on the question of guilt is material and relevant and may be properly admitted."); Ariz. R. Evid. 402; *see also* Ariz. R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility."). However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ariz. R. Evid. 403. The exclusion of

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

evidence under Rule 403 is reviewed for an abuse of discretion. *State v. Foshay*, 239 Ariz. 271, 279 ¶ 35 (App. 2016).

**¶9**        Here, the court found that the detective could offer no testimony relevant to the facts of the case. The detective was not involved with the planning of the undercover drug buys nor with the testing of evidence at the crime lab. He did not know who Muldrow was until he took over as case agent months after the April 2016 drug buys. In addition, the probative value of the detective's testimony was minimal because there were two testifying eyewitnesses to the drug buys, as well as an audio recording of the entire incident. Therefore, the court did not abuse its discretion when it found that the detective's credibility had little bearing on the facts and that the danger of unfair prejudice caused by admission of the evidence substantially outweighed any probative value. *Cf. State v. Gillies*, 135 Ariz. 500, 507 (1983) (impeachment of appellant with prior criminal history was more probative than prejudicial when appellant was the only witness and credibility was of "considerable importance"). For these same reasons, Muldrow fails to show how he was prejudiced by the court's preclusion of evidence of the reprimand.

## CONCLUSION

**¶10**        Because Muldrow has shown no error, his convictions and resulting sentences are affirmed.

